JAMES B. CHANIN, SBN 76043
Law Offices of James B. Chanin
3050 Shattuck Avenue
Berkeley, CA 94705
Telephone: (510) 848-4752, Ex. 2
Facsimile: (510) 848-5819
Email: jbcofc@aol.com

RACHEL LEDERMAN, SBN 130192
NATIONAL LAWYERS GUILD, San Francisco Bay Area Chapter,
and Rachel Lederman & Alexsis C. Beach, Attorneys
558 Capp Street
San Francisco, CA 94110
Telephone: 415-282-9300; fax 510-590-9296
Email: rachel@bllaw.info

Attorneys for plaintiffs HUDSON SOULES ET AL.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUDSON SOULES and SHANNON STRAZDAS,<br><br>    Plaintiffs,<br><br>    v.<br><br>CITY OF BERKELEY; CHRISTINE DANIEL, individually and in her official capacity as City Manager for the City of Berkeley; MICHAEL MEEHAN, individually and in his official capacity as Police Chief for the City of Berkeley; ANDREW GREENWOOD, individually and in his official capacity as a Captain of Police for the City of Berkeley; ANDREW RATEAVER, individually and in his official | No. _____<br><br>**CIVIL RIGHTS COMPLAINT FOR DAMAGES**<br><br>**42 U.S.C. § 1983**<br>**Jury Trial Demanded** |

CIVIL RIGHTS COMPLAINT
*Soules, et al., v. City of Berkeley, et al*., Case No. _____          1

capacity as a Lieutenant of Police for the City of Berkeley; JOSEPH LEDOUX, individually and in his official capacity as a City of Berkeley Police Officer; and DOES 1-50, inclusive;

Defendants.

## INTRODUCTION

1. This is a civil rights action for damages arising from an unconstitutional Berkeley Police attack on and arrest of two people who were simply trying to walk home in the early morning hours of December 8, 2014, following a December 7, 2014, demonstration in Berkeley, CA.

2. On the previous night, December 6, 2014, a March Against State Violence was held in Berkeley as part of the growing nationwide movement for racial justice. This march was in response to the December 3, 2014, grand jury decision not to indict the officer responsible for the chokehold death of Eric Garner in New York; the failure of authorities to hold accountable the officer who shot Michael Brown to death in Ferguson, Missouri; and countless other killings of unarmed Black people by white police officers. The Berkeley Police and mutual aid officers responded brutally, clubbing peaceful protesters and journalists, often from behind, some in the head, indiscriminately and unnecessarily; and using profligate amounts of teargas without justification.

3. The demonstration resumed on December 7, 2014, with demonstrators now also protesting against the police violence during the December 6, 2014 protest in Berkeley the night before.

4. The plaintiffs had attended the demonstration on December 7, 2014, and were trying to walk home to their residence on Prince Street at approximately 1 a.m. on December

CIVIL RIGHTS COMPLAINT
*Soules, et al., v. City of Berkeley, et al.*, Case No. _____          2

8, 2014, when they encountered a line of Berkeley Police Officers at Telegraph Avenue and Prince Street.

5. Without warning, the officers grabbed plaintiff HUDSON SOULES, pulled him behind the police line, beat him, pulled his pants down, and arrested him without any justification.

6. When plaintiffs SHANNON STRAZDAS asked what they were doing, the police also grabbed and arrested her with excessive force and without justification.

## II. JURISDICTION AND VENUE

7. This action seeks damages under 42 U.S.C. § 1983.  This Court has jurisdiction over the action under 28 U.S.C. §§ 1331 and 1343. It has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

8. Venue properly lies within this District under 28 U.S.C. § 1391(b). The named defendants perform their official duties in this District, and the events and omissions giving rise to plaintiffs' claims occurred in this District.

9. Plaintiffs HUDSON SOULES and SHANNON STRAZDAS have each filed administrative claims with the City of Berkeley, in compliance with California Government Code § 910 et seq. Both of their claims have been denied.

## III. INTRADISTRICT ASSIGNMENT

10. Pursuant to Local Rule 3-2, this action is properly assigned to the San Francisco or Oakland divisions of this Court.

# IV. THE PARTIES

**Plaintiffs**

11. Plaintiff HUDSON SOULES, age 32, was a resident of Berkeley at the time of this incident.

12. Plaintiff SHANNON STRAZDAS, age 32, was a resident of Berkeley at the time of this incident.

**Defendants**

13. Defendant CITY OF BERKELEY is, and at all times herein mentioned was, a municipal corporation duly organized and existing under the laws of the State of California.

14. Defendant CHRISTINE DANIEL was at all times herein mentioned the City Manager of the City of Berkeley and an authorized policymaker of the City of Berkeley responsible for the administration of City services and the enforcement of City ordinances, and the direct supervisor of CHIEF MEEHAN. DANIEL set in motion, supervised, directed, approved, and acquiesced in the constitutional violations complained of herein.

15. Defendant MICHAEL MEEHAN is, and at all times herein mentioned was, the Chief of Police of the City of Berkeley and an authorized policymaker of the City of Berkeley. MEEHAN set in motion, supervised, directed, approved, and acquiesced in police officers' constitutional violations complained of herein.

16. Defendant ANDREW GREENWOOD was at all times herein mentioned a City of Berkeley Police Captain, and was the Incident Commander in charge of the Berkeley and mutual aid police response to the December 7-8, 2014, demonstration. CAPTAIN GREENWOOD supervised, directed, approved, acquiesced, and failed to intervene in officers' constitutional violations, including but not limited to the use of excessive

force and deprivation of the plaintiffs' First Amendment rights by Berkeley and mutual aid officers.

17. Defendant ANDREW RATEAVER is, and at all times herein mentioned was, a City of Berkeley Police Lieutenant, and was the Operations Chief for the December 7, 2014, demonstration. LT. RATEAVER supervised, directed, approved, acquiesced and failed to intervene in officers' constitutional violations, including but not limited to the use of excessive force and deprivation of the plaintiffs' First Amendment rights by Berkeley and mutual aid officers.

18. Defendant Officer JOSEPH LEDOUX was a City of Berkeley Police Officer at the time of the subject incident, and the arresting officer of HUDSON SOULES.

19. The individual defendants are being sued in their individual and official capacities.

20. Plaintiffs are ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sue said defendants by such fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained. The DOE defendants include other individuals who supervised and/or participated in the conduct complained of herein. Plaintiffs are informed and believe and therefore allege that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth, and that each of said defendants proximately caused said incidents, injuries and damages by reason of their negligence, breach of duty, negligent supervision, management or control, violation of constitutional and legal rights, or by reason of other personal, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, or control or upon any other act or omission. Plaintiffs will ask leave to amend this complaint to insert further charging allegations when such facts are ascertained.

21. In doing the acts alleged herein, defendants, and each of them, acted within the course and scope of their employment.
22. In doing the acts and/or omissions alleged herein, defendants, and each of them, acted under color of authority and/or under color of law.
23. In doing the acts and/or omissions alleged herein, defendants, and each of them, acted as the agent, servant, employee and/or in concert with each of said other defendants.

## V. FACTUAL ALLEGATIONS

24. On December 6, 2014, the Berkeley Police Department responded to a March Against State Violence with aggressive crowd control tactics, subjecting protestors to baton blows and shoves, impact munitions, teargas, and a forced march into Oakland.
25. On December 7, 2014, the Berkeley Police learned that another march for Black Lives was planned for that night, partly in response to the Berkeley Police brutality the prior evening.
26. Plaintiffs HUDSON SOULES and SHANNON STRAZDAS attended the march on December 7, 2014. Around 1:30 a.m. on December 8, Mr. SOULES and Ms. STRAZDAS, along with three friends, were walking home to their residence at 2425 Prince Street. At Telegraph Avenue and Prince Street, they encountered a line of Berkeley Police Officers. There were no demonstrators in sight. As plaintiffs approached the officers, they told the officers that they lived on the next block, and just wanted to go home.
27. The officers gave no directions or instruction to halt and seemed to move aside. Plaintiffs understood they were being allowed to pass. But then, defendant JOSEPH LEDOUX and/or a DOE defendant, who plaintiffs are informed and believe was a Berkeley Police Officer, grabbed Mr. SOULES without warning, pulled him behind the police line and pulled him to the ground. While Mr. SOULES was on the ground,

LEDOUX and/or multiple DOE defendants, who plaintiffs are informed and believe were Berkeley Police Officers, hit Mr. SOULES repeatedly, including a blow to the head that caused Mr. SOULES to briefly lose consciousness. Defendants pulled Mr. SOULES' pants down to his ankles while continuing to beat him. Mr. SOULES was terrified. He called out repeatedly in pain.

28. Defendant JOSEPH LEDOUX and/or DOE defendants then handcuffed Mr. SOULES with plastic zip cuffs and pulled him up. They refused to let him pull his pants up and hauled him to a police vehicle, as he could not walk with his pants around his ankles. Defendant Officer JOSEPH LEDOUX and DOES placed Mr. SOULES under arrest and took him to the city jail.

29. Despite Mr. SOULES's multiple requests to have his pants pulled up, defendants did not pull up Mr. SOULES's pants or allow him to do so until after he was booked in the city jail.

30. Ms. STRAZDAS was nearby and watched as DOES assaulted Mr. SOULES. When Ms. STRAZDAS asked officers why they were attacking Mr. SOULES, multiple DOE defendants, who plaintiffs are informed and believe were Berkeley Police Officers, grabbed Ms. STRAZDAS, threw her to the ground with excessive force, and arrested her.

31. Mr. SOULES spent the night in jail and was released at 11:30 a.m. that morning after posting bond. He was never charged with any crime as a result of this incident.

32. Ms. STRAZDAS also spent the night in jail, before being released at approximately 8:30 a.m. with a citation to appear in court. She was never charged with any crime as a result of this incident.

33. At no time did any of the plaintiffs present a threat or do anything to justify the force that defendants used on them.

34. There was no probable cause to believe that either of the plaintiffs had committed any crimes.
35. Plaintiffs are informed and believe that the excessive force and arrests without probable cause were directed at them on the basis of their perceived affiliation with the political demonstration.
36. As a result of defendants' acts and omissions as alleged herein, the plaintiffs sustained, and may sustain in the future, physical and emotional injuries, pain and suffering, fear, trauma and humiliation.
37. As a result of defendants' acts and omissions as alleged herein, the plaintiffs sustained violation of and chilling of their constitutional rights to freedom of speech, association and expression.

## VI. REQUISITES FOR RELIEF

38. As against defendant CITY OF BERKELEY, plaintiffs allege that the constitutional violations alleged herein were the proximate result of decisions, orders, acts and omissions of the City of Berkeley's authorized policymakers including but not limited to defendants Christine Daniel and Michael Meehan, including that the police would take an aggressive crowd control approach to the rather than facilitating lawful First Amendment activity.
39. As against defendant CITY OF BERKELEY, plaintiffs alleges that the constitutional violations alleged herein were the proximate result of a repeated course of conduct by members of the Berkeley Police Department tantamount to a custom, policy, pattern or repeated practice of condoning, ratifying and/or tacitly encouraging the abuse of police authority, and disregard for the constitutional rights of citizens, including the rights of the plaintiffs.

40. Plaintiff is further informed and believes and thereon alleges that the constitutional violations alleged herein were the proximate result of a custom, policy, pattern or practice of deliberate indifference by defendant CITY OF BERKELEY and, to the repeated violations of the constitutional rights of citizens by defendants City of Berkeley's police officers, which have included, but are not limited to, the repeated use of excessive force, and the repeated failure to properly and/or adequately train, supervise and/or discipline officers with respect to the use of excessive force, constitutional limitations on the use of force and City policies on use of force; the repeated failure by City of Berkeley high ranking officials, police department managers and/or supervisors to hold officers accountable for violating the rights of citizens; and/or other customs, policies and/or practices subject to continuing discovery.

41. Plaintiff is informed and believe that Defendants CHRISTINE DANIEL; MICHAEL MEEHAN; ANDREW GREENWOOD; ANDREW RATEAVER; and DOE defendants, and/or each of them, caused the violation of the plaintiffs' constitutional rights as a result of their supervisory malfeasance and/or deliberate indifference to the need for more or different training, supervision and/or discipline of the BERKELEY and mutual aid personnel assigned to the subject incident, including, but not limited to, defendant JOSEPH LEDOUX and the DOE defendants, and each of them, to prevent the foreseeable violation of plaintiffs' constitutional rights.

42. As a direct and proximate result of the conduct of defendants described herein, plaintiffs have been denied their constitutional, statutory and legal rights as stated below, and have suffered general and special damages, including but not limited to, pain, suffering, humiliation, emotional distress, fear, anxiety, disabilities, medical and related expenses, lost wages, and other damages in amounts according to proof.

43. The individual defendants' acts were willful, wanton, malicious and oppressive and done with conscious disregard and deliberate indifference for plaintiff's rights and safety, justifying an award of punitive damages.

44. Plaintiffs have incurred, and will continue to incur, attorneys' fees and costs in amounts to be determined according to proof.

## VII. CLAIMS FOR RELIEF

### ONE - VIOLATION OF FOURTH AMENDMENT (42 U.S.C. § 1983)

45. Plaintiffs re-allege and incorporate by reference the preceding paragraphs of this Complaint.

46. The acts and/or omissions of the defendants, and each of them, individually and/or while acting in concert with one another, violated plaintiffs' rights to be free from excessive force and from arrest without probable cause, under the Fourth Amendment to the United States Constitution.

47. Wherefore, the plaintiffs pray for relief as hereinafter set forth.

### TWO - VIOLATION OF FIRST AMENDMENT (42 U.S.C. § 1983)

48. Plaintiffs re-allege and incorporate by reference the preceding paragraphs of this Complaint.

49. The acts and/or omissions of the Defendants, and each of them, individually and/or while acting in concert with one another, violated plaintiffs' rights to freedom of speech and freedom of association, under the First Amendment to the United States Constitution.

50. Wherefore, the plaintiffs pray for relief as hereinafter set forth.

## THREE – FOURTEENTH AMENDMENT

51. Plaintiffs re-allege and incorporate by reference the preceding paragraphs of this Complaint.

52. The acts and/or omissions of the defendants, and each of them, individually and/or while acting in concert with one another, violated plaintiffs' rights to due process and equal protection of the laws, and to personal liberty and freedom of movement, under the Fourteenth Amendment to the United States Constitution.

53. Wherefore, the plaintiffs pray for relief as hereinafter set forth.

## FOUR - FALSE ARREST AND FALSE IMPRISONMENT

54. Plaintiffs re-allege and incorporate by reference the preceding paragraphs of this Complaint.

55. Plaintiffs were arrested and jailed without reasonable suspicion and without probable cause to believe that they had committed any crime.

56. Said plaintiffs were also jailed on purported suspicion of misdemeanors, in violation of Cal. Penal Code Section 853.6, which mandates citation and release for misdemeanor arrests.

57. Wherefore, the plaintiffs pray for relief as hereinafter set forth.

## FIVE - VIOLATION OF CALIFORNIA CIVIL CODE § 51.7

58. Plaintiffs re-allege and incorporate by reference the preceding paragraphs of this Complaint.

59. Defendants' above-described conduct violated plaintiffs' rights to be free from violence and intimidation by threat of violence because of their actual or perceived political affiliation and/or viewpoint, in violation of California Civil Code § 51.7.

60. Wherefore, the plaintiffs pray for relief as hereinafter set forth.

## SIX - VIOLATION OF CALIFORNIA CIVIL CODE § 52.1

61. Plaintiffs re-allege and incorporate by reference the preceding paragraphs of this Complaint.

62. The acts and/or omissions of the defendants, and each of them, individually and/or while acting in concert with one another, constituted interference, and attempted interference, by threats, intimidation and coercion, with plaintiffs' peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code § 52.1.

63. Wherefore, the plaintiffs pray for relief as hereinafter set forth.

## SEVEN – NEGLIGENCE

64. Plaintiffs re-allege and incorporate by reference the preceding paragraphs of this Complaint.

65. Defendants, and/or each of them, individually and/or while acting in concert with one another, owed plaintiffs the duty to use reasonable care to avoid causing foreseeable injury and damage to plaintiffs during the events described in this Complaint The above-described acts and omissions of defendants breached the duty of care defendants owed to plaintiffs.

66. In doing the acts and/or omissions as alleged herein, Defendants and/or each of them, breached said duty to use reasonable care and said breach of duty caused, and/or contributed to the cause, of plaintiffs injuries and damages as alleged in this Complaint.

67. Wherefore, the plaintiffs pray for relief as hereinafter set forth.

## VIII. JURY TRIAL DEMAND

Plaintiffs hereby demand a jury trial.

## IX. PRAYER FOR RELIEF

WHEREFORE, plaintiffs prays for judgment against defendants as follows:

1. For past, present and future general damages, including but not limited to, pain, suffering, permanent disfigurement and/or emotional distress to be determined according to proof;

2. For past, present and future special damages, including, but not limited to, medical expenses, lost wages, damage to career and/or other out of pocket losses to be determined according to proof;

3. For punitive damages against the individual defendants, and/or each of them, to be determined according to proof;

4. For statutory damages and exemplary damages pursuant to Cal. Civil Code §§ 52 and 52.1, to be determined according to proof, and for a $25,000 civil penalty per violation pursuant to Cal. Civil Code § 52;

5. For pre- and post-judgment interest as permitted by law;

6. For attorneys' fees pursuant to 42 U.S.C. § 1988 and Cal. Civil Code §§ 52 and 52.1, and/or other authorities, to be determined according to proof;

7. For costs of suit;

8. For such other and further relief as the Court may deem just and proper.

## X. CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.


Dated: December 17, 2015          LAW OFFICES OF JAMES B. CHANIN
                                  RACHEL LEDERMAN & ALEXSIS C. BEACH,
                                  Attorneys at Law
                                  NATIONAL LAWYERS GUILD,
                                  San Francisco Bay Area Chapter

                                  ___/S/_____
                                  By: RACHEL LEDERMAN
                                  Attorneys for plaintiffs